

FILED
APR 28 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE,

    Plaintiff,

v.

MERRICK B. GARLAND,

    Defendant.

Case: 1:21–mc–00044
Assigned To : Unassigned
Assign. Date : 4/28/2021
Description: Misc.

Chief Judge Beryl A. Howell

## MEMORANDUM AND ORDER

Plaintiff has filed a *pro se* motion to proceed under pseudonym and to seal personally identifying information in her action against her employer, the U.S. Department of Justice ("DOJ"), alleging discrimination and retaliation, in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, and deprivation of rights, in violation of the Due Process Clause of the Fifth Amendment of the U.S. Constitution. Pl.'s Mot. to Proceed under Pseudonym and to Seal Personally Identifiable Information ("Pl.'s Mot.") at 1. For the reasons set forth below, plaintiff's motion is denied.[1]

## I. BACKGROUND

Plaintiff is an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the District of Columbia, which is part of DOJ. Compl. ¶ 1. Plaintiff alleges that DOJ has discriminated against her, and continues to do so, on the basis of her race, sex, age, and prior protected activity. *Id.* ¶ 2. More specifically, plaintiff alleges that she was suspended without pay, had a grievance denied, and was assigned more cases or more

---

[1] *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

"high-work" cases because of either her race and/or sex, *id.* ¶¶ 59–62 (Count I: Title VII), because of her age, *id.* ¶¶ 63–66 (Count II: Age Discrimination), and because of her prior protected activity, including submitting an Equal Employment Opportunity complaint, *id.* ¶¶ 68–72 (Count IV: Retaliation).  Plaintiff further alleges that the Department violated her rights under the Due Process Clause of the Fifth Amendment by disciplining her based on caselaw that was not cited in its disciplinary proposal.  *Id.* ¶¶ 73–82 (Count V: Fifth Amendment's Due Process Clause).

Plaintiff seeks to proceed under pseudonym primarily because of the "stigma" attached to the Department's imposition of discipline on her and to her "asserting Equal Employment Opportunity claims."  Pl.'s Mot. at 2.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir.

2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Id.* (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access. *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless court orders otherwise," use of only initials for minors, only partial birthdates, social-security, taxpayer-identification and financial account numbers); FED. R. CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more

3

>critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III. DISCUSSION

At this early stage of the litigation, this Court is not persuaded that the plaintiff has met her burden of showing that her legitimate privacy interests outweigh the public's presumptive and substantial interest in knowing the details of this litigation. Plaintiff has demonstrated no legitimate privacy interest to rebut the presumption in favor of open proceedings.

The first factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97— weighs against plaintiff. Plaintiff first argues that the details of the Department's disciplinary process and her Equal Employment Opportunity claims are sensitive matters in which she has

4

a legitimate interest to preserve her privacy.  Pl.'s Mot. at 2.  Employment discrimination claims that closely resemble those of plaintiff are, however, frequently litigated in federal court using plaintiffs' full names and there is nothing inherently "sensitive" or "highly personal" about that fact that one was been disciplined or alleged employment discrimination..  This holds true for employees of the Department of Justice bringing employment discrimination claims.  *See, e.g., Jeffries v. Barr*, 965 F.3d 843 (D.C. Cir. 2020). Plaintiff presents no authority for the position that being disciplined by an employer or asserting Equal Employment Opportunity claims are the kinds of sensitive matters that warrant anonymity.  Rather, disclosure of this kind of information is part of the "annoyance . . . that may attend any litigation."  *In re Sealed Case*, 931 F.3d at 97.

      Plaintiff makes a second, more novel, argument predicated on her position as an AUSA.  Plaintiff argues that because she "defends federal agencies against employment discrimination claims," she may "make legal arguments that differ from the ones she has made and makes as an AUSA."  Pl.'s Mot. at 2–3.  Plaintiff explains that proceeding under pseudonym will allow her "to make such arguments without the concern that opposing counsel will be able to identify her and/or her filings that take or may take a different legal position."  *Id.* at 3.  The interest plaintiff asserts here is not a *privacy* interest, however, that can merit pseudonymity.  The interest in avoiding personal association with one's own legal arguments "bear[s] no resemblance to those types of intimate or sensitive personal information" that are traditionally recognized under this factor, "such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors."  *In re Sealed Case*, 971 F.3d at 327.

The second factor, "whether identification poses a risk of retaliatory physical or mental harm," *Sealed Case*, 931 F.3d at 97, weighs against plaintiff because there is no alleged risk of physical or mental harm. Likewise, the third factor, "the ages of the persons whose privacy interests are sought to be protected," *id.*, is not relevant because the privacy interests of minors are not implicated.

The fourth factor, the fact that this suit is against the government, weighs against plaintiff's motion, but only very slightly.  "[T]here is a heightened public interest when an individual or entity files a suit against the government." *In re Sealed Case*, 971 F.3d at 329. There is nothing about these proceedings, however, that creates any need for transparency with respect to the plaintiff's identity.  *Cf. id.* (describing the public interest as "particularly great" where regulated entity sued government agency regarding "special exemptions" from statutory obligations).

The fifth factor weighs in plaintiff's favor because allowing plaintiff to proceed under pseudonym will not prejudice defendant in any way.  "[P]laintiff's identity is known to the government in connection with her employment," Pl.'s Mot. at 3, so allowing her to proceed under pseudonym would not compromise defendant's ability to defend this action and would pose no "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

In sum, plaintiff presents no compelling justification for "the rare dispensation of anonymity," *In re Sealed Case*, 971 F.3d at 326, and has failed to either demonstrate a need for secrecy or identify consequences likely to befall her if she proceeded in her own name.

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed under Pseudonym and to Seal Personally Identifiable Information is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall not file plaintiff's Complaint on the docket unless it is filed with plaintiff's full name in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: April 28, 2021

_____
BERYL A. HOWELL
Chief Judge